**DISTRICT OF COLUMBIA et al., Plaintiffs,**

**and**

**Washington Metropolitan Area Transit Authority et al., Intervenors,**

v.

**LANDMARK SERVICES, INC., Defendant.**

**UNITED STATES of America, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendant \***

**Civ. A. Nos. 75–1798 and 75–2148.**

United States District Court, District of Columbia.

Sept. 22, 1976.

\* *Editor's Note:* The opinion of the U. S. District Court for the Southern District of New York in *Leroy Jenkins Evangelistic Association, Inc., v. RKO General, Inc.,* published in the advance sheets at this citation (419 F.Supp. 91) was withdrawn from the bound volume at the request of the court.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

On June 30, 1976, the Court issued a memorandum and order declaring that:

Landmark Services, Inc., is immune [under 40 U.S.C. § 804 (Supp.1974)] from the enforcement against it of D.C. Code §§ 40–102, 40–201 et seq, 47–2338, and 29–933 (1973), with regards to interpretive transportation services that it might provide from the parking lot of Robert F. Kennedy Memorial Stadium to the Mall and back again, if the Secretary of the Interior has properly designated that parking lot as a "visitor facility" under the National Visitor Center Facilities Act of 1968, 40 U.S.C. §§ 801–31 (1970), as amended, (Supp.1974). . . .

Intervenor Washington Metropolitan Area Transit Commission ("WMATC") has now petitioned the Court to amend this order to declare also whether, with regards to the same service, Landmark Services, Inc., would be immune from enforcement against it of the requirements of the Washington Metropolitan Area Transit Regulation Compact, D.C. Code § 1–1410 note (1973), as amended, D.C. Code § 1–1410a note (1973). Article XII of the Compact gives broad powers to the WMATC to regulate public transportation in the Washington, D.C., area.

The answer to this question can easily be inferred from the Court's prior memorandum. There this Court held that the purpose of 40 U.S.C. § 804 (Supp.1974), was, in part, to make the power of the Secretary of the Interior over interpretive tour services along certain routes outside the Mall coextensive with the general and exclusive authority he already possessed over this service within the Mall. The Supreme Court has specifically found, in Universal Interpretive Shuttle Corp. v. WMATC, 393 U.S. 186, 89 S.Ct. 354, 21 L.Ed.2d 334 (1968), that the Secretary of the Interior has general and exclusive power over those matters covered by Article XII of the Compact within the Mall. Therefore, 40 U.S.C. § 804 (Supp. 1974), gives him general and exclusive authority over these matters if the service is extended to certain permitted areas beyond the Mall.

Accordingly, it is this 22nd day of September, 1976,

ORDERED that the Court's order of June 30, 1976, be amended to read as follows:

It is DECLARED that Landmark Services, Inc., is immune from the enforcement against it of D.C. Code §§ 40–102, 40–201 et

seq., 47–2338, and 29–933 (1973), and of the Washington Metropolitan Area Transit Regulation Compact, D.C. Code § 1–1410 note (1973), *as amended*, D.C. Code § 1–1410a note (1973), with regards to interpretive transportation services that it might provide from the parking lot of Robert F. Kennedy Memorial Stadium to the Mall and back again, if the Secretary of the Interior has properly designated that parking lot as a "visitor facility" under the National Visitor Center Facilities Act of 1968, 40 U.S.C. §§ 801–31 (1970), *as amended*, (Supp.1974); and it is

ORDERED that these cases be, and the same hereby are, dismissed.